1  JAMES A. SARRAIL, ESQ. (SBN 43075)
   MONICA CASTILLO, ESQ. (SBN 146154)
2  SARRAIL, CASTILLO & HALL, LLP
   111 Anza Blvd., Suite 203
3  Burlingame, CA 94010
   Telephone:  (650) 685-9200
4  Facsimile:   (650) 685-9206

5  Attorneys for Plaintiff Richard Johnson

6

7

8              UNITED STATES DISTRICT COURT

9      IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| RICHARD JOHNSON, | Case No.:   5:1 |
|---|---|
| Plaintiff, | **COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, 54.4 AND 55), INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990** |
| vs. | |
| THREESISTERS CINEMA, LLC; and DOES 1-10, Inclusive, | |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

          Plaintiff, RICHARD JOHNSON ("JOHNSON") complains of defendants

THREESISTERS CINEMA, LLC and DOES 1-10, Inclusive, and each of them, and alleges

as follows:

A. **INTRODUCTION**

          1. This case involves the denial of accessible public facilities to JOHNSON and other

disabled persons at the Los Gatos Theater ("LG THEATER") located at 43 North Santa

Cruz Avenue, Los Gatos, California 95030. JOHNSON, a qualified disabled person,

experienced numerous barriers to access as a result of the access violations at LG

**COMPLAINT**                                                                        1

1  THEATER, including but not limited to entry and vestibule, access aisles/path of travel,
2  seating, doors, doorways, and bathrooms. JOHNSON has been a disabled individual since
3  an accident left him paraplegic in or about July 2009 and is a "person with a disability" or
4  a "physically handicapped person". JOHNSON uses a wheelchair when ambulating and is
5  unable to use portions of public facilities which are not accessible to disabled persons,
6  including those who use a wheelchair. JOHNSON was denied his rights to full and equal
7  access at these facilities, and was denied his civil rights under both California law and
8  federal law, because these facilities were not, and are not now, properly accessible to
9  physically disabled person, including those who use a wheelchair. JOHNSON seeks
10  injunctive relief to require defendants to make these facilities accessible to disabled persons
11  and to ensure that any disabled person who attempts to use LG THEATER will be provided
12  properly disabled-accessible facilities. JOHNSON also seeks recovery of damages for his
13  discriminatory experiences and denial of access and civil rights, which denial is continuing
14  as a result of defendants' failure and refusal to provide disabled-accessible facilities.
15  JOHNSON also seeks recovery of reasonable statutory attorney fees, litigation expenses
16  and costs.

17  **B. JURISDICTION**

18      2. This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations
19  of the Americans with Disabilities Act of 1990, 42 USC §12101 et seq. Pursuant to pendant
20  jurisdiction, attendant and related causes of action arising from the same facts are also
21  brought under California law, including but not limited to violations of California Government
22  Code §§4450 et seq, California Civil Code §§51, 52, 54, 54.1, 54.4 and 55; and Title 24
23  California Code of Regulations.

24  **C. VENUE**

25      3. Venue is proper in this court pursuant to 28 USC §1391(b)and is founded on the
26  fact that the real property which is the subject of this action is located in this district, that
27  JOHNSON resides in this district and that JOHNSON's causes of action arose in this
28  district.

---

**COMPLAINT**                                                                                     2

D. **INTRADISTRICT**

4. This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and JOHNSON's causes of action arose in this district.

E. **PARTIES**

5. Plaintiff, RICHARD JOHNSON, is a qualified physically disabled person who has been disabled since an accident left him paraplegic in or about July 2009 and is a "person with a disability" or a "physically handicapped person". JOHNSON uses a wheelchair when ambulating , and is a "disabled" person within the meaning of Civil Code §54 and §54.1. Defendants, THREESISTERS CINEMA, LLC and DOES 1-10, Inclusive, are the owners, subsidiaries, operators, lessors and lessees of the business property, buildings and/or portions thereof known as Los Gatos Theater ("LG THEATER") located at 43 North Santa Cruz Avenue, Los Gatos, California 95030. LG THEATER is a "public accommodation" and "business establishment" subject to the requirements of California Civil Code §§51 et seq and   §§54. LG THEATER, since July 1, 1982, has undergone construction and/or "alterations, structural repairs, or additions", subjecting such facility to disabled access requirements of California Title 24, the State Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990.

6. The true names and capacities of Defendants Does 1 through 10, Inclusive, are unknown to JOHNSON, who therefore sues said defendants by such fictitious names. JOHNSON is informed and believes and alleges thereon that each of the defendants herein designated as "Doe" is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to JOHNSON. JOHNSON prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

7. Defendants THREESISTERS CINEMA, LLC ; and DOES 1-10, Inclusive, are and were the owners, subsidiaries, operators, lessees and/or lessors of the subject property

**COMPLAINT**                                                                                      3

1 and/or buildings at all times relevant to this Complaint. JOHNSON is informed and believes
2 and alleges thereon that each of the defendants herein is the agent, employee or
3 representative of each of the other defendants, and performed all acts and omissions stated
4 herein within the scope of such agency or employment or representative capacity and is
5 responsible in some manner for the acts and omissions of the other defendants in
6 proximately causing the damages complained of herein.

7

8
9
10

**FIRST CAUSE OF ACTION**
**DENIAL OF FULL AND EQUAL ACCESS TO**
**PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
**(California Govt. Code §4450 et seq; Civil Code §§54, 54.1 et seq)**

11
12
13

8. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein by reference as if separately plead hereafter.

14
15
16
17
18
19

9. JOHNSON and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Government Code §4450 et seq. JOHNSON is a member of that portion of the public whose rights are protected by the provisions of California Government Code §4450 et seq. and Civil Code §§ 54 and 54.1.

20
21
22
23
24
25
26
27
28

10. Government Code §4450 et seq were enacted "to ensure that all buildings, structures, sidewalks, curbs, and related facilities, constructed in this state by the use of state, county, or municipal funds, or the funds of any political subdivision of the state shall be accessible to and usable by persons with disabilities". On information and belief, Government Code §4450 et seq apply to LG THEATER. Civil Code §54 provides that:"Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places. " Civil Code §54.1 provides that: "Individuals with

---

1   disabilities shall be entitled to full and equal access, as other members of the general
2   public, to accommodations..." The codes relating to such public accommodations also
3   require that "[w]hen sanitary facilities are made available for the public, clients or
4   employees....they shall be made available for persons with disabilities." Title 24, California
5   Code of Regulations, formerly known as the California Administrative Code, was in effect
6   at the time of each alteration which occurred at such public facility since July 1, 1982, thus
7   requiring access complying with the specifications of Title 24 whenever each such
8   "alteration, structural repair or addition" was carried out. Defendants and/or their
9   predecessors in interest carried out alterations, structural repairs or additions to the subject
10  building and its parking facilities during the period Title 24 has been in effect.

11        11. JOHNSON has been a disabled individual since an accident left him paraplegic
12  in or about July 2009. His first visit to LG THEATER was on or about July 1, 2016, and then
13  on December 27, 2016, where he expected and anticipated that he finally would not
14  encounter barriers. During each of his visits to LG THEATER, he has experienced
15  numerous barriers to access in violation of both federal and state access for disabled
16  people laws, including but not limited to the following:

17  •     JOHNSON experienced difficulties outside and entering because:

18              •     the automatic swinging door lacks notice of its swing;

19              •     in Theater 2, there is insufficient space between the main and
20                    vestibule doors, in a series; and

21              •     Theater 2's door are heavy  heavy to operate and fast-closing.

22  •     JOHNSON experienced difficulties inside the business because:

23              •     Theater 2 lacks unobstructed path of travel for JOHNSON's
24                    wheelchair; and

25              •     Theater 2 has a lack of ADA seating.

26  •     JOHNSON experienced difficulties inside the downstairs bathroom because:

27              •     the door is heavy and fast-closing.

28  •     JOHNSON experienced difficulties inside the upstairs bathroom because:

**COMPLAINT**                                                                                    5

1          •    the door is heavy and fast-closing; and

2          •    the urinal lacks ADA space

3      JOHNSON was humiliated and embarrassed at not being able to properly use the

4  facilities and having a toilet accident as a result. The only way he could use the seating

5  facilities was by waiting for the staff and/or other patrons to move the barriers that could be

6  moved. The extra attention this entailed was embarrassing for JOHNSON. These barriers

7  have rendered LG THEATER and its premises illegally inaccessible to and unuseable by

8  physically disabled persons, including JOHNSON. All facilities must be brought into

9  compliance with applicable federal and state statutory and regulatory requirements,

10  according to proof.

11      12. Further, each and every violation of the Americans with Disabilities Act of 1990

12  (as pled in the Third Cause of Action below), also constitutes a separate and distinct

13  violation of California Civil Code §54©, thus independently justifying an award of damages

14  and injunctive relief pursuant to California law, including but not limited to, Civil Code §§54.3

15  and 55.

16      13. Further, each and every violation of the Americans with Disabilities Act of 1990

17  (as pled in the Third Cause of Action below), also constitutes a separate and distinct

18  violation of California Civil Code §54.1(d), thus independently justifying an award of

19  damages and injunctive relief pursuant to California law, including but not limited to, Civil

20  Code §§54.3 and 55.

21      14. JOHNSON seeks injunctive relief to prohibit the acts and omissions of

22  defendants as complained of herein, which are continuing on a daily basis and which have

23  wrongfully excluded JOHNSON and other similarly situated members of the public from full

24  and equal access to these public facilities. Such acts and omissions are the cause  of

25  humiliation and mental and emotional suffering of JOHNSON in that these actions continue

26  to treat JOHNSON as an inferior and second class citizen and serve to discriminate against

27  him on the sole basis that he is a person with a disability who requires the use of a

28  wheelchair for movement. JOHNSON is unable, so long as such acts and omissions of

1  defendants continue, to achieve equal access to and use of these public facilities, and has
2  been harmed as a result of trying to access the facilities and/or has been deterred and
3  unable to access the facilities. JOHNSON alleges that he intends to return and purchase
4  meals once legally required access has been provided. The acts of defendants have
5  proximately caused and will continue to cause irreparable harm and injury to JOHNSON if
6  not enjoined by this court.

7      15. Whereas, JOHNSON asks this court to preliminarily and permanently enjoin any
8  continuing refusal by defendants to grant full and equal access to JOHNSON in the respects
9  complained of and to require defendants to comply forewith with the applicable statutory
10 requirements relating to access for disabled persons. Such injunctive relief is provided by
11 California Government Code §4452 and California Civil Code §55, and other law.
12 JOHNSON further requests that the court award damages pursuant to Civil Code §54.3 and
13 other law and attorney fees, litigation expenses, and costs pursuant to Civil Code §54.3 and
14 455, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

15     16. As a result of the denial of equal access to these facilities, and due to the acts
16 and omissions of defendants and each of them in owning, subsidizing, operating, leasing,
17 constructing, altering and maintaining the subject facilities, JOHNSON suffered a violation
18 of his civil rights, including but not limited to, rights under Civil Code §§54 and 54.1, all to
19 his damages per Civil Code §54.3, including general, statutory and treble damages, as
20 hereinafter stated. Defendants' actions and omissions to act constitute discrimination
21 against JOHNSON on the sole basis that he was and is physically disabled and unable,
22 because of the architectural and other barriers created and/or maintained by the defendants
23 in violation of the subject laws, to use the public facilities on a full and equal basis as other
24 persons.

25     17. At all times herein mentioned, defendants knew, or in the exercise of reasonable
26 diligence should have known, that their barriers and practices at their subject facilities
27 violated disabled access requirements and standards and had a discriminatory affect upon
28 JOHNSON and upon other physically disabled persons, but defendants have failed and

COMPLAINT                                                                                      7

refused to rectify these violations, and presently continue a course of conduct of failure to remove architectural barriers that discriminate against JOHNSON and similarly situated disabled persons.

18. As a result of defendants' acts, omissions and conduct, JOHNSON has been required to incur attorney fees, litigation expenses and costs, in order to enforce his rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. JOHNSON therefore seeks recovery of all reasonable attorney fees and costs, pursuant to the provisions of California Civil Code §§54.3 and 55. Additionally, JOHNSON's lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees and costs pursuant to the provisions of California Code of Civil Procedure §1021.5 and other applicable law.

WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter stated.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LAW: UNRUH CIVIL RIGHTS ACT, CIVIL CODE §§51, 52, and AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE §51(f)**

19. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the factual allegations contained in Paragraphs 1 through 18, above, and incorporates them herein by reference as if separately plead hereafter.

20. At all times relevant to this complaint, California Civil Code §51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability.

21. California Civil Code §52 provides that discrimination by defendants against JOHNSON on the basis of his disability constitutes a violation of the anti-discrimination provision of §51 and 52.

22. Defendants' discrimination also constitutes a separate and distinct violation of California Civil Code §52.

23. Any violation of the Americans with Disabilities Act of 1990 (as pled in the Third Cause of Action) constitutes a violation of California Civil Code §51(f) thus independently justifying an award of damages and injunctive relief pursuant to California law.

24. The acts and omissions of defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§51 and 52. As a proximate result of defendants' actions and omissions, defendants have discriminated against JOHNSON in violation of California Civil Code §§51 and 52.

25. As a result of defendants' acts, omissions and conduct, JOHNSON has been required to incur attorney fees, litigation expenses and costs as provided by statute, in order to enforce his rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. JOHNSON therefore seeks recovery of all reasonable attorney fees and costs, pursuant to the provisions of California Civil Code §§51 and 52. Additionally, JOHNSON's lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees and costs pursuant to the provisions of California Code of Civil Procedure §1021.5 and other applicable law.

WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter stated.

## THIRD CAUSE OF ACTION
## VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990
## 42 U.S.C. §§12101 et seq

26. JOHNSON pleads and incorporates by reference, as if fully set forth herein, the factual allegations contained in Paragraphs 1 through 25, above, and incorporates them herein by reference as if separately plead hereafter.

27. In passing the Americans with Disabilities Act of 1990 ("ADA"), Congress' stated purpose, in relevant part, was to mandate a national prohibition of discrimination against physically disabled persons and to provide standards to address the discrimination.

---

**COMPLAINT**                                                                                   9

1    28. As part of the ADA, Congress passed the definition of " Public Accommodation"
2   to include "...other sales or rental establishment" (42 U.S.C. §12181(7)(E).

3    29. The ADA clearly states that "[n]o individual shall be discriminated against on the
4   basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,
5   advantages, or accommodations of any place of public accommodations by any person who
6   owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C.
7   §12182. The specific prohibitions against discrimination included, but were not limited to the
8   following:

9    (a) §302(b)(1)(A)(ii): "It shall be discriminatory to afford an individual or class of
10       individuals, on the basis of a disability or disabilities of such individual or class,
11       directly, or through contractual, licensing, or other arrangements, with the opportunity
12       to participate in or benefit from a good, service, facility, privilege, advantage, or
13       accommodation that is not equal to that afforded to other individuals."

14    (b) §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices
15       or procedures when such modifications are necessary to afford such goods,
16       services, facilities, privileges, advantages or accommodations to individuals with
17       disabilities."

18    © §302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that
19       no individual with a disability is excluded, denied service, segregated, or otherwise
20       treated differently than other individuals because of the absence of auxiliary aids and
21       services..."

22    (d) §302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication
23       barriers that are structural in nature, in existing facilities...where such removal is
24       readily achievable;" and

25    (e) §302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier
26       under clause (iv) is not readily achievable, a failure to make such goods, services,
27       facilities, privileges, advantages or accommodations available through alternative
28       methods if such methods are readily achievable."

COMPLAINT                                                                                    10

1    The acts and omissions of defendants set forth herein were in violation of
2  JOHNSON's rights under the ADA and the regulations promulgated thereunder, 28 CFR
3  Part 36 et seq.

4    30. The removal of each of the barriers complained of by JOHNSON as alleged
5  above were at all times herein mentioned since January 26, 1992 "readily achievable" under
6  the standards of §302 of the ADA. As noted above, removal of each and every one of the
7  architectural barriers complained of herein were also required under California law. Further,
8  on information and belief, alterations, structural repairs or additions since January 26, 1993,
9  have also independently triggered requirement for removal of barriers to access for disabled
10 persons per §303 of the ADA.

11   31. JOHNSON is informed and believes and alleges thereon that, as of the date of
12 his encounter of the premises and as of the filing of this Complaint, the premises have
13 denied and continue to deny full and equal access to JOHNSON and to other disabled
14 persons in other respects which violate JOHNSON's rights to full and equal access and
15 which discriminate against JOHNSON on the basis of his disability, thus wrongfully denying
16 to JOHNSON the full and equal enjoyment of the goods, services, facilities, privileges,
17 advantages and accommodations, in violation of §§302 and 303 of the ADA.

18   32. JOHNSON is informed and believes and alleges thereon that defendants have
19 continued to violate the law and deny the rights of JOHNSON and other disabled persons
20 access to LG THEATER since on or before JOHNSON's encounters, as previously noted.
21 Pursuant to the ADA, §308, 42 U.S.C. 12188 et seq, JOHNSON is entitled to the remedies
22 and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000a-3(a),
23 as JOHNSON is being subjected to discrimination on the basis of disability in violation of
24 the ADA or has reasonable grounds for believing that he is about to be subjected to
25 discrimination. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and
26 §303(a)... injunctive relief shall include an order to alter facilities to make such facilities
27 readily accessible to and useable by individuals with disabilities to the extent required by
28 this title."

1    33. JOHNSON seeks relief pursuant to remedies set forth in §204(a) of the Civil
2  Rights Act of 1964, 42 U.S.C. 2000a-3(a), and pursuant to Federal Regulations adopted to
3  implement the ADA. JOHNSON is a qualified disabled person for purposes of §308(a) of
4  the ADA who is being subjected to discrimination on the basis of disability in violation of
5  Title III and who has reasonable grounds for believing he will be subjected to such
6  discrimination each time he attempts to use the facilities at CHARLEY NOODLE.

7    WHEREFORE, JOHNSON prays for damages and injunctive relief as hereinafter
8  stated.

9                                        **PRAYER**

10    JOHNSON prays that this court:

11    1. Issue a preliminary and permanent injunction directing defendants as current
12  owners, subsidiaries, operators, lessors, and/or lessees of the property and premises to
13  modify the above-described property and premises and related facilities so that each
14  provides full and equal access to all persons, including persons with physical disabilities
15  such as wheelchair users, and issue a preliminary and permanent injunction directing
16  defendants to provide facilities useable by JOHNSON and similarly situated persons with
17  disabilities, and which provide full and equal access, as required by law, including
18  appropriate changes in policy;

19    2. Retain jurisdiction over the defendants until such time as the court is satisfied that
20  defendants' unlawful policies, practices, acts and omissions, and maintenance of
21  inaccessible public facilities as complained of herein no longer occur and can not recur;

22    3. Award to JOHNSON all appropriate damages, including but not limited to statutory
23  damages, personal injury damages, general damages, and treble damages in an amount
24  within the jurisdiction of the court, all according to proof;

25    4. Award to JOHNSON all reasonable statutory attorney fees, litigation expenses,
26  and costs of this proceeding as provided by law;

27    5. Award prejudgement interest pursuant to California Civil Code §3291; and
28    6. Grant such other and further relief as this court may deem just and proper.

---

**COMPLAINT**                                                                                    12

1

2   Dated: _____3/1_____, 2017          SARRAIL, CASTILLO & HALL, LLP

3

4                                       By:_____
                                            *Monica Castillo*
5                                           Monica Castillo
                                            Attorneys for Plaintiff
6                                           RICHARD JOHNSON

7                              **DEMAND FOR JURY**

8        JOHNSON hereby demands a jury for all clams for which a jury is permitted.

9

10  Dated: _____3/1_____, 2017          SARRAIL, CASTILLO & HALL, LLP

11

12                                      By:_____
                                            *Monica Castillo*
13                                          Monica Castillo
                                            Attorneys for Plaintiff
14                                          RICHARD JOHNSON

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**COMPLAINT**                                                          13